IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTIAN SCIENCE EVANGELISM
FOUNDATION, et al.,
    Plaintiffs,

v.                                        Case No. 3:11cv475/MCR/CJK

UNITED STATES OF AMERICA, et al.,
    Defendants.
_____

### ORDER AND REPORT AND RECOMMENDATION

This cause is before the court upon plaintiffs' *pro se* action to quiet title (doc. 1-1) and defendants' notice of removal (doc. 1). Plaintiffs, Christian Science Evangelism Foundation and five trusts, commenced this action by filing a *pro se* action to quiet title in the Circuit Court in and for Escambia County, Florida. (Doc. 1-1) The complaint was signed by Paul John Hansen, who identified himself as "trustee" and "director." (Doc. 1-1, pp. 1, 5) Significantly, Mr. Hansen did not indicate he is an attorney admitted to practice before this court. Defendants Escambia County and the United States of America each filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Docs. 10, 12)

On October 13, 2011, this court issued an Order (doc. 8) affirming that the right of a non-attorney to appear *in propria persona* is a personal right. *See United States v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (determining that a trustee "cannot be viewed as a 'party' conducting his 'own case

personally'" within the meaning of 28 U.S.C. § 1654, which provides parties the right to represent themselves personally or by counsel)).  The Order explained that entities like corporations and partnerships, both of which are fictional legal persons, must be represented by licensed counsel.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Finding no reason to distinguish between a trust and a corporation for purposes of the right of self-representation under § 1654, *see Lena*, 2007 WL 4578336, at *1, the Order declined to recognize Mr. Hanson's authority to file a complaint on behalf of the plaintiff trusts and directed plaintiffs to file within 30 days a notice of appearance signed by an attorney admitted to practice before this court.  Further, the court warned plaintiffs that failure to comply with the Order would result in a recommendation that their cause be dismissed for lack of proper representation. (Doc. 8, 1-3)

To date, no attorney has made an appearance on behalf of the plaintiffs; nor have plaintiffs shown cause why they cannot comply with the court's Order.  Because plaintiffs filed an improper complaint and subsequently violated the terms and conditions of the October 13, 2011, Order (doc. 8), the court has no alternative but to strike the complaint to quiet title (doc. 1-1) and dismiss plaintiffs' case for failure to prosecute and failure to comply with a court order.  *See* FED. R. CIV. P. 41(b) (providing for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with . . . a court order").  Absent a viable complaint, the court need not reach the issues raised in the substantive motions to dismiss (docs. 10, 12), and therefore denies the same as moot.

Accordingly, it is **ORDERED**:

Defendants' motions to dismiss (docs. 10, 12) are DENIED as moot.

And it is respectfully **RECOMMENDED**:

1. That this cause be DISMISSED WITHOUT PREJUDICE pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(b), for plaintiffs' failure to prosecute and failure to comply with an order of this court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of November, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).